IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMIA

| | |
|---|---|
| EDUCATIONAL ASSISTANCE FOUNDATION : <br> FOR THE DESCENDANTS OF HUNGARIAN : <br> IMMIGRANTS IN THE PERFORMING ARTS, INC. : <br> : <br> Plaintiff : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Defendant. : <br> _____ : | Docket No. 1:11-cv-01573 |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 15(a) and (c), the Educational Assistance Foundation for The Descendants of Hungarian Immigrants in the Performing Arts, Inc. (hereinafter referred to as the "Plaintiff" or the "Scholarship Fund"), by and through the undersigned, hereby files this Amended Complaint for a declaratory judgment finding that it is a tax-exempt organization under §501(c) (3) of the Internal Revenue Code of 1986, as amended (hereinafter referred to as the "Code" or the "IRC")).  In support of this Amended Complaint, Plaintiff alleges as follows:

**Introduction; Jurisdiction; and Venue**

1. This is a civil action brought pursuant to 26 U.S.C. §7428 seeking a declaration from this Court regarding the initial and continuing qualification of the Scholarship Fund as a tax-exempt organization.  Pursuant to section 7428, such a determination with respect to a continuing qualification or continuing classification includes any revocation of, or other change in, a qualification or classification.

2. Plaintiff meets the qualifying preconditions of such an action in that (a) relief is sought by the organization the qualification or classification of which is at issue; and (b) Plaintiff has exhausted all available administrative remedies available to it within the Internal Revenue Service.

3. Jurisdiction is proper under 26 U.S.C. §7428 as there are actual legal interests of sufficient immediacy to reflect an actual controversy between the Scholarship Fund and Defendant.

4. Venue is proper under 26 U.S.C. §7428, which requires this action to be brought in the United States Tax Court, the United States Court of Claims, or this district court for the District of Columbia. Although it is a burden on the Scholarship Fund, which is based in Florida, venue in such a declaratory judgment action is designated by statute with this Court.

**Parties**

5. Plaintiff is a not-for-profit corporation, duly created in 2003 and validly existing under the laws of the State of Florida. Plaintiff's current mailing address is in care of its registered agent:

> BENJAMIN R. SCHULMAN P.A.
> 4340 Sheridan Street, Suite 102
> Hollywood, Florida 33021

6. Defendant is the United States of America ("Defendant" or "United States"), as set forth by 28 U.S.C. §1346(e). The Internal Revenue Service is a federal agency of the United States. For the sake of clarity, as used herein, the "IRS" shall also mean Defendant. The addition of the United States as Defendant by amendment relates back to the date of the

original Complaint because Defendant was served with process pursuant to Rules 4 and 15(c) of the Federal Rules of Civil Procedure and thus had notice of this action.

**Statement of Facts**

7. On October 29, 2004, Plaintiff was recognized by the IRS as a tax exempt entity by reason of being described in IRC §501(c) (3) as a §170(b)(1)(A)(vi) public charity under a five-year advance ruling period. *See* Exhibit A.

8. Through calendar year 2005, Plaintiff timely filed its IRS Form 990 return to the IRS.

9. In April 2007, the IRS informed the Plaintiff of a requested audit of the tax year 2005- Form 990 return. The purpose of the audit, as stated in the examination confirmation letter, was to "verify the correctness of income or gross receipts, deductions and credits, and to determine that the organization is operating in the manner stated and for the purpose set forth in its application for recognition of exemption."

10. On November 13, 2009, the Plaintiff received correspondence from the Exempt Organizations office of the IRS, proposing to revoke Plaintiff's tax-exempt status based upon a highly questionable and conclusory "report of examination." *See* Exhibit B.

11. Plaintiff filed a timely protest to this proposed revocation and an Appeals officer was assigned to review this case. An appeals conference was scheduled and held in November of 2010 at which time Plaintiff refuted each material fact of the IRS' report of examination. Notwithstanding the IRS' position that "the Appeals Office resolves most disputes informally and promptly," (IRS Form Letter 3618), this dispute was not resolved.

12. On May 3, 2011, the IRS issued its determination to the Plaintiff that its tax-exempt status was being revoked. *See* Exhibit C. Further, the revocation was determined to be

retroactive to the date of initial exempt determination, October 29, 2004. It is to this improper action that Plaintiff seeks judicial review and a confirmation of the Scholarship Fund's initial and continuing tax exempt status.

13. No tax, nor related penalties or interest, are currently determined or assessed.

14. Plaintiff has exhausted its administrative remedies in this matter.

## Count I - Declaratory Judgment

15. Plaintiff was formed on December 24, 2003 as a domestic, not for profit corporation under the laws of the State of Florida.

16. By letter dated October 29, 2004, the Exempt Organizations Division of the IRS notified the Petitioner that it was exempt from federal income tax under I.R.C. §501(c)(3) and was qualified to receive tax deductible bequests, devises, transfers, or gifts under I.R.C. §2055, §2106, or §2522.

17. On December 28, 2003, one Julius Schaller passed away.

18. At the time Mr. Schaller's estate tax return (IRS Form 706) was filed, his estate had made a contribution to the Plaintiff.

19. At the date of its contribution to the Scholarship Fund, Mr. Schaller's estate was not aware of any modification to the IRS' October 29, 2004 letter to the Plaintiff determining that it was a tax exempt entity and qualified to received tax deductible gifts under I.R.C. §2055, §2106, and §2522.

20. At the date of its contribution to the Scholarship Fund, said Scholarship Fund was described in I.R.C. §2522(a) (2) and was listed in IRS publications listing tax-exempt organizations.

21. The Scholarship Fund, contrary to the conclusions of the IRS, was not organized exclusively for the benefit of either Mr. Schaller's estate or his beneficiaries. The Scholarship Fund was organized prior to Mr. Schaller's death. It was organized independently of Mr. Schaller's will. The Scholarship Fund's sub-fund, to which Mr. Schaller's bequest was directed, was formed for the benefit of receiving this bequest.

22. Further, with full transparency, all relevant documents, inter-related persons and anticipated actions were disclosed to the IRS.

23. The Scholarship Fund, contrary to the conclusions of the IRS, was not operated exclusively for the benefit of either Mr. Schaller's estate or his beneficiaries. Plaintiff was operated with a focus to all potential scholarship recipients. For the brief months it operated, it was operated independently of Mr. Schaller's will.

24. Defendant, in May of 2011, concluded that the Scholarship Fund "does not qualify for exemption." This overly broad conclusion is in conflict with its original determination of over six years earlier. Plaintiff qualified for exemption in 2004 and 2005, *prior to any activity*, subject to the original determination letter of the Defendant. Whether Plaintiff remained qualified for exemption during years 2005 and 2006 is a controverted factual matter when Plaintiff was ramping up for operating the Scholarship Fund.

25. Consequently, whether the Scholarship Fund operated for the exclusive benefit of Mr. Schaller's beneficiaries, an allegation made by the Defendant only in its report and not in any formal determination report to the Plaintiff, is an inquiry limited to a small window of 20-24 months in the Plaintiff's ninety months (7.5 years) of existence.

26. Defendant further alleges in its report (in an allegation conspicuously absent from the final revocation notice) that the Scholarship Fund "omitted and misstated material facts in

its application for exemption." Plaintiff did not. In fact, Plaintiff was perhaps overly open and transparent with its application and its proposed activities. No part of any action regarding disclosure of facts in the Plaintiff's application for exemption was due to intentional omission or misrepresentation.

27. The final revocation notice by Defendant to the Plaintiff, dated May 3, 2011, states that the only reason Plaintiff's status is being revoked is because it "did not *operate* exclusively for an exempt purpose." (emphasis added) The notice further provides that all future contributions to the entity would not be deductible under Section 170. The notice is silent as to all prior contributions.

28. Notwithstanding Paragraph 27, Defendant has indicated that the revocation is arbitrarily retroactive to December 24, 2003.

29. Defendant concludes that the Scholarship Fund does not qualify for exemption under Section 501(c)(3). Defendant is estopped from such a conclusion in light of its previously issued determination letter of October 29, 2004 under the doctrines of collateral estoppel, equitable estoppel, or waiver.

30. Defendant's determination that the Scholarship Fund's tax exempt status should be revoked *ab initio* violates the statute of limitations for such an action. *See* I.R.C. §6501(a); Treas. Reg. §601.201(1)(1) (revocation may be retroactive only to open years under the statute). At the time of the revocation notice in May of 2011, the only open years for review were FY2007 forward.

31. Defendant's determination that the Scholarship Fund's tax exempt status should be revoked *ab initio* violates the regulatory dictates of the agency and is without factual basis. *See* Treas. Reg. §601.201(n)(6)(i) (revocation of a determination letter may only

be retroactive if the organization omitted or misstated a material fact; no such allegation of omission or misstatement is reflected as the basis for revocation in the IRS Letter of May 3, 2011.)

THEREFORE, based upon the facts of this matter and the affirmative defenses outlined herein in paragraphs 29-31, the Scholarship Fund petitions this Honorable Court (a) for a declaratory judgment encompassing a redetermination of the decision by the Defendant in its notice of May 3, 2011 to revoke the exempt status of the Plaintiff under §501(c)(3) of the Code, said judgment reversing the revocation, and (b) to issue and afford to Plaintiff such additional and further relief as may be allowed by law.

      Respectfully Submitted,

By:   */s/ Charles A. Murray*
     CHARLES A. MURRAY, ESQ. (#59089)
**CHARLES A. MURRAY, P.A.**
27911 Crown Lake Blvd., Suite 226
Bonita Springs, FL 34135-4218
(239) 649-7773
(239) 262-3517 (facsimile)

*Counsel for Plaintiff*

Dated: February 3, 2012

EXHIBIT A

Determination Letter



FILED

AUG 3 0 2011

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

10

```
INTERNAL REVENUE SERVICE                      DEPARTMENT OF THE TREASURY
P. O. BOX 2508
CINCINNATI, OH  45201

    Date: OCT 29 2004             Employer Identification Number:
                                    56-2460639
                                  DLN:
                                    17053162017034
THE EDUCATIONAL ASSISTANCE        Contact Person:
  FOUNDATION FOR DESCENDANTS OF     MICHAEL A LUDWIG            ID# 31470
  HUNGARIAN IMMIGRANTS IN THE     Contact Telephone Number:
  PERFORMING ARTS                   (877) 829-5500
3400 NE 192 ST STE 1809
AVENTURA, FL  33180
                                  Accounting Period Ending:
                                    December 31
                                  Public Charity Status:
                                    170(b)(1)(A)(vi)
                                  Form 990 Required:
                                    Yes
                                  Effective Date of Exemption:
                                    December 24, 2003
                                  Contribution Deductibility:
                                    Yes
                                  Advance Ruling Ending Date:
                                    December 31, 2007
```

Dear Applicant:

We are pleased to inform you that upon review of your application for tax exempt status we have determined that you are exempt from Federal income tax under section 501(c)(3) of the Internal Revenue Code. Contributions to you are deductible under section 170 of the Code. You are also qualified to receive tax deductible bequests, devises, transfers or gifts under section 2055, 2106 or 2522 of the Code. Because this letter could help resolve any questions regarding your exempt status, you should keep it in your permanent records.

Organizations exempt under section 501(c)(3) of the Code are further classified as either public charities or private foundations. During your advance ruling period, you will be treated as a public charity. Your advance ruling period begins with the effective date of your exemption and ends with advance ruling ending date shown in the heading of the letter.

Shortly before the end of your advance ruling period, we will send you Form 8734, Support Schedule for Advance Ruling Period. You will have 90 days after the end of your advance ruling period to return the completed form. We will then notify you, in writing, about your public charity status.

Please see enclosed Information for Exempt Organizations Under Section 501(c)(3) for some helpful information about your responsibilities as an exempt organization.

If you distribute funds to individuals, you should keep case histories showing the recipient's name and address; the purpose of the award; the manner of

                                                    Letter 1045 (DO/CG)

-2-

THE EDUCATIONAL ASSISTANCE

selection; and the relationship of the recipient to any of your officers, directors, trustees, members, or major contributors.

Sincerely,

*Lois G. Lerner*

Lois G. Lerner
Director, Exempt Organizations
Rulings and Agreements

Enclosures: Information for Organizations Exempt Under Section 501(c)(3)
Form 872-C

Letter 1045 (DO/CG)

EXHIBIT B

Proposed Action Letter



FILED
AUG 30 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Internal Revenue Service**                              **Department of the Treasury**

Date: November 13, 2009

Educational Assistance Foundation for the
Descendants of Hungarian Immigrants in the
Performing Arts Inc
2906 WM Penn Highway, Ste 207
Eaton, PA 18045

Taxpayer Identification Number:
56-2460639

Form:
990

Tax Year(s) Ended:
December 31, 2003 to 2008

Person to Contact/ID Number:
Jeffrey Bowne 1000255489

Contact Numbers:
Telephone: 816-503-4271
Fax:       816-503-4236

**Certified Mail - Return Receipt Requested**

Dear Sirs,

We have enclosed a copy of our report of examination explaining why we believe revocation of your exempt status under section 501(c)(3) of the Internal Revenue Code (Code) is necessary.

If you accept our findings, take no further action. We will issue a final revocation letter.

If you do not agree with our proposed revocation, you must submit to us a written request for Appeals Office consideration within 30 days from the date of this letter to protest our decision. Your protest should include a statement of the facts, the applicable law, and arguments in support of your position.

An Appeals officer will review your case. The Appeals office is independent of the Director, EO Examinations. The Appeals Office resolves most disputes informally and promptly. The enclosed Publication 3498, *The Examination Process,* and Publication 892, *Exempt Organizations Appeal Procedures for Unagreed Issues,* explain how to appeal an Internal Revenue Service (IRS) decision. Publication 3498 also includes information on your rights as a taxpayer and the IRS collection process.

You may also request that we refer this matter for technical advice as explained in Publication 892. If we issue a determination letter to you based on technical advice, no further administrative appeal is available to you within the IRS regarding the issue that was the subject of the technical advice.

Letter 3618 (Rev. 11-2... -,
Catalog Number: 34809F

If we do not hear from you within 30 days from the date of this letter, we will process your case based on the recommendations shown in the report of examination. If you do not protest this proposed determination with 30 days from the date of this letter, the IRS will consider it to be a failure to exhaust your available administrative remedies. Section 7428(b)(2) of the Code provides, in part: "A declaratory judgment or decree under this section shall not be issued in any proceeding unless the Tax Court, the Claims Court, or the District Court of the United States for the District of Columbia determines that the organization involved has exhausted its administrative remedies within the Internal Revenue Service." We will then issue a final revocation letter. We will also notify the appropriate state officials of the revocation in accordance with section 6104(c) of the Code.

You have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures, such as the formal appeals process. The Taxpayer Advocate cannot reverse a legally correct tax determination, or extend the time fixed by law that you have to file a petition in a United States court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. You may call toll-free 1-877-777-4778 and ask for Taxpayer Advocate Assistance. If you prefer, you may contact your local Taxpayer Advocate at:

> 600 Arch Street, Room 7426
> Philadelphia, PA 19106
> PH: 215-861-1304
> FAX: 215-861-1613

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter. If you write, please provide a telephone number and the most convenient time to call if we need to contact you.

Thank you for your cooperation.

Sincerely,

Sunita Lough

Sunita Lough
Director, Exempt Organizations Exams

Enclosures:
Publication 892
Publication 3498
Report of Examination

Letter 3618 (Rev. 11-2005)
Catalog Number: 34809F

EXHIBIT C

Final Revocation Letter

**FILED**

AUG 3 0 2011

Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

**Internal Revenue Service**
**Appeals**

Date:   MAY 3 2011

EDUCATIONAL ASSISTANCE
FOUNDATION FOR THE DESCENDANTS
OF HUNGARIAN IMMIGRANTS IN THE
PERFORMING ARTS, INC.
3400 N.E. 192 STREET
SUITE 1809
AVENTURA FL  33180

**Department of the Treasury**

**Address any reply to:**
Pennsylvania Appeals Office
1000 Liberty Avenue
Room 816
Pittsburgh, PA  15222
**Employer Identification Number:**
56-2460639
**Person to Contact:**
Russell Felix, ID # 0349365
**Contact Telephone Number:**
(412) 395-5330
**Fax Number:**
(412) 395-5359

**Certified Mail**

Dear Taxpayer:

This is a final adverse determination regarding your exempt status under section 501(c)(3) of the Internal Revenue Code (the Code). Our favorable determination letter to you dated October 29, 2004 is hereby revoked and you are no longer exempt under section 501(a) of the Code effective December 24, 2003.

The revocation of your exempt status was made for the following reason:

You are not described in section 501(c)(3) since you do not operate exclusively for an exempt purpose. You do not serve a public interest but serve private interests to a more than insubstantial degree. Your grants of scholarships in 2005 and 2006 were made only to descendants of the nieces and nephews of Julius Schaller.

Contributions to your organization are no longer deductible under IRC §170.

You are required to file income tax returns on Form 1120. These returns should be filed with the appropriate Service Center for the tax year ending December 31, 2007, and for all tax years thereafter in accordance with the instructions of the return.

Processing of income tax returns and assessments of any taxes due will not be delayed should a petition for declaratory judgment be filed under section 7428 of the Internal Revenue Code.

If you decide to contest this determination under the declaratory judgment provisions of section 7428 of the Code, a petition to the United States Tax Court, the United States Court of Federal Claims, or the district court of the United States for the District of Columbia must be filed before the 91st Day after the date this determination was mailed to you. Please contact the clerk of the appropriate court for rules regarding filing petitions for declaratory judgment. To secure a petition from the United States Tax Court, write to the following address:

> United States Tax Court
> 400 Second Street, NW
> Washington, DC 20217

You also have the right to contact the Office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures, such as the formal Appeals process. The Taxpayer Advocate cannot reverse a legally correct tax determination, or extend the time fixed by law that you have to file a petition in a United States court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. You may call toll-free, 1-877-777-4778, and ask for Taxpayer Advocate Assistance. If you prefer, you may contact your local Taxpayer Advocate at:

> Taxpayer Advocate Service
> 7850 SW 6th Court Room 265
> Plantation, FL 33324
> Tel:  (954) 423-7677
> Fax:  (954) 423-7685

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter.

Sincerely yours,

*Karen A. Skinder*

Karen A. Skinder
Appeals Team Manager

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on counsel for Defendant by the court's electronic filing system on February 3, 2012 as follows:

Joseph E. Hunsader
Brittney N. Campbell
Trial Attorneys, Tax Division
U.S. Department Of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
(202) 514-0472
(202) 353-2260
(202) 514-6866 (fax)
Joseph.e.hunsader@usdoj.gov

*Counsel for Defendant, United States of America*

By:  /s/ Charles A. Murray
     CHARLES A. MURRAY, ESQ.