## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————
                                            )
EDUCATIONAL ASSISTANCE                      )
FOUNDATION FOR THE                          )
DESCENDANTS OF HUNGARIAN                    )
IMMIGRANTS IN THE PERFORMING                )
ARTS, INC.                                  )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )        Civil Action No. 11-1573 (RBW)
                                            )
UNITED STATES,                              )
                                            )
                    Defendant.              )
—————————————————————    )

## MEMORANDUM OPINION

The plaintiff, Educational Assistance Foundation for the Descendants of Hungarian

Immigrants in the Performing Arts, Inc. ("Foundation"), brings this action under 26 U.S.C.

§ 7428 (2006) against the United States for a declaratory judgment finding that the Foundation is

a tax-exempt organization under 26 U.S.C. § 501(c)(3) (Supp. 2011).  Following the submission

of the parties' Joint Report, the Court ordered the parties to file briefs regarding the appropriate

scope of review in an action challenging an exemption revocation under 26 U.S.C. § 7428.  Upon

careful consideration of the submissions by the parties[1] and the oral argument held on October

17, 2012, the Court concludes that the standard of review to be applied in this proceeding is de

novo, and that the scope of the Court's review is not limited to the administrative record.

---

[1] The Court considered the following submissions in rendering its decision: (1) the Plaintiff's Memorandum Regarding the Standard and Scope of Review Including the Scope of Permissible Discovery ("Pl.'s Mem."), (2) the United States' Revised Memorandum Regarding Scope of Review in 26 U.S.C. § 7428 Declaratory Judgment Action ("Def.'s Mem."), (3) the Plaintiff's Memorandum in Support of Plaintiff's Position in the Joint Report ("Pl.'s Mem. Joint Report"), and (4) the Amended Complaint for Declaratory Judgment ("Am. Compl.").

# I. BACKGROUND

In a letter dated October 29, 2004, the Internal Revenue Service ("IRS") recognized the Foundation as a tax-exempt organization under 26 U.S.C. § 501(c)(3).  Am. Compl. ¶ 16; Def.'s Mem. at 5.  The materials submitted by the Foundation in support of its request for tax exempt status indicated that it was created to provide scholarships to individuals who are the descendants of Hungarian immigrants who had participated in the performing arts.  See Def.'s Mem. at 5; Pl.'s Mem. at 2.  The IRS subsequently commenced an audit of the Foundation's 2005 tax return in order to investigate whether the organization was operating consistently with its stated purpose, Am. Compl. ¶ 9, ultimately concluding that the Foundation was created in order to avoid paying estate and generation-skipping taxes on the estate of one individual, Julius Schaller, and to finance the education of Mr. Schaller's relatives, Def.'s Mem. at 5–6.

On November 13, 2009, the Foundation received a letter from the IRS proposing to revoke its tax exemption, which included a Report of Examination explaining the basis for the IRS' proposed revocation.  See Am. Compl. ¶ 10; Def.'s Mem. at 8.  The Foundation subsequently filed a protest to the proposed revocation and requested consideration by the IRS Appeals Office.  Am. Compl. ¶ 11; Def.'s Mem. at 8.  The Foundation contends that at the administrative appeals conference it "refuted each material fact of the IRS' report of examination."  Am. Compl. ¶ 11.  The United States asserts that the Foundation did not provide the IRS with any additional documentation to support its claims in either its protest filing or during the appeals conference.  Def.'s Mem. at 8.  The IRS issued a final adverse determination regarding the Foundation's tax exemption, giving the following as the reason for its determination:

> [The Foundation] [is] not described in section 501(c)(3) since [it] do[es ]not operate exclusively for an exempt purpose.  [The Foundation] do[es] not serve a public interest but serve[s] private interests to a more than insubstantial degree.  [The Foundation's]

2

grants of scholarships in 2005 and 2006 were made only to descendants of the nieces and
nephews of Julius Schaller.

Am. Compl. Ex. C at 1.  The IRS applied the revocation of the Foundation's exemption

retroactively to December 24, 2003.  Id.  It is undisputed, as indicated at the October 17, 2012

motion hearing, that the Foundation was not represented by counsel during the proceedings

before the IRS.

The Foundation filed suit in this Court under 26 U.S.C. § 7428 seeking a declaratory

judgment finding that it is a tax-exempt organization under 26 U.S.C. § 501(c)(3).  Am. Compl.

¶ 1.  Pursuant to the Court's July 19, 2012 order, Federal Rule of Civil Procedure 26(f), and

Local Civil Rule 16.3(c), the parties filed a Joint Meet and Confer Statement, see Joint Report by

the Parties at 1, in which they noted their disagreement about whether the Court's review was

limited to the administrative record, id. at 3–6.  The Court subsequently ordered the parties to

simultaneously submit briefs addressing the applicable scope of review in this case.  Order,

August 9, 2012.

The parties agree that the applicable standard of review is de novo, Pl.'s Mem. at 5–6;

Def.'s Mem. at 2, but part ways regarding whether the scope of review is confined to the

administrative record, Pl.'s Mem. at 5; Def.'s Mem. at 2.  The Foundation further argues that it is

entitled to conduct discovery because the Court is not limited to the administrative record.  Pl.'s

Mem. at 11–12.  The Court held oral argument on the issue and reserved ruling at that time

pending the issuance of this opinion.

## II. ANALYSIS

The Foundation brings this action under 26 U.S.C. § 7428, which creates a declaratory

judgment remedy in the case of an "actual controversy involving-- (1) a determination by the

Secretary-- (A) with respect to the initial qualification or continuing qualification of an

organization as an organization described in section 501(c)(3) . . .." and vests concurrent jurisdiction over such an action in the United States Tax Court, the United States Court of Federal Claims, and the United States District Court for the District of Columbia.  26 U.S.C. § 7428(a).  "A determination with respect to a continuing qualification" includes "any revocation."  <u>Id.</u>  A declaratory judgment "shall not be issued" under § 7428 unless the court determines that the plaintiff has exhausted its administrative remedies before the IRS.  <u>Id.</u> § 7428(b).  Section 7428 also provides that "a subpoena requiring the attendance of a witness at a trial or hearing may be served at any place in the United States" in an action brought in the United States District Court for the District of Columbia.  <u>Id.</u> § 7428(d).

## A. Applicability of Tax Court Rules and Practice

As an initial matter, the Foundation contends that the Court should follow the rules governing declaratory judgment actions under § 7428 adopted by the United States Tax Court. <u>See</u> Pl.'s Mem. at 6.  The Foundation argues that Congress intended for this Court and the United States Court of Federal Claims to "accord special weight" to the rules and procedures of the Tax Court because at the time § 7428 was enacted, the Tax Court had already promulgated rules governing declaratory judgment actions pursued in that court.  <u>Id.</u>  The United States notes that the Tax Court Rules are not binding on this Court and does not explicitly urge the Court to adopt them in this proceeding, <u>see</u> Def.'s Mem. at 2, 10, but repeatedly references the Tax Court Rules and uses them to support its own arguments, <u>see</u> <u>id.</u> at 2–3, 10, 11.

The legislative history of § 7428 supports the Foundation's position that Congress intended that this Court and the Court of Federal Claims give special weight to Tax Court rules and its precedent in this area.  Shortly before the enactment of § 7428, Congress had created a declaratory judgment remedy regarding the qualification of employee retirement plans and vested jurisdiction in the Tax Court.  <u>See</u> H.R. Rep. No. 94-658, at 283 (1976), <u>reprinted in</u> 1976

4

U.S.C.C.A.N. 2897, 3179.  The House Report discussing the creation of the declaratory

judgment remedy under § 7428 states:

> by the time the provisions of this bill become effective, the Tax Court will have had more
> than a year of experience in Federal tax declaratory judgment proceedings.  In view of
> that fact, and because of the desirability of a body of national unified precedents, your
> committee suggests that the district courts give special weight to Tax Court precedents
> developed in this area.

Id. at 285, 3181.  Both the House and Senate Reports state further that the courts should develop

rules regarding the burden of proof in declaratory judgment actions, and then note: "Insofar as is

practical, those rules should conform to the rules that the Tax Court develops with regard to

declaratory judgment suits as to retirement plans, under Section 7476 of the Code."  Id. at 285–

86, 3182; S. Rep. No. 94-938, at 588 (1976), reprinted in 1976 U.S.C.C.A.N. 3439, 4012.

    The Court of Federal Claims and other members of this Court have treated the Tax Court

Rules as persuasive authority in their consideration of the appropriate scope of review.  See Big

Mama Rag, Inc. v. United States, 494 F. Supp. 473, 474, 474 n.1 (D.D.C. 1979), rev'd on other

grounds, 631 F.2d 1030 (D.C. Cir. 1980) (citing H.R. Rep. No. 94-658 and S. Rep. No. 94-938);

Incorporated Trustees of Gospel Worker Soc'y v. United States, 510 F. Supp. 374, 377 n.6

(D.D.C. 1981); Animal Prot. Inst., Inc. v. United States, No. 609-77, 1978 WL 4201, at *2–3 (Ct.

Cl. Sept. 19, 1978) (citing H.R. Rep. No. 94-658 and S. Rep. No. 94-938); St. Matthew Publ'g,

Inc. v. United States, 41 Fed. Cl. 142, 145–46 (1998) (citing Animal Prot. Inst., 1978 WL 4201,

at *3, *4).  In accordance with Congress' expressed suggestion and in line with the other case

authorities cited above, this Court will also consider the Tax Court Rules and precedent as

persuasive authority and apply them insofar as practicable in this case.

    Tax Court Rule 217(a) sets forth the following procedures for disposition of declaratory

judgment actions under § 7428:

> Disposition of an action for declaratory judgment which involves . . . the initial qualification or classification of an exempt organization . . . will ordinarily be made on the basis of the administrative record . . . .  Only with the permission of the Court, upon good cause shown, will any party be permitted to introduce before the Court any evidence other than that presented before the Internal Revenue Service and contained in the administrative record as so defined.  Disposition of an action for declaratory judgment involving a revocation . . . may be made on the basis of the administrative record alone <u>only</u> where the parties agree that such record contains all the relevant facts and that such facts are not in dispute.

Tax Court Rule 217(a), 68 T.C. 1047–48 (1977) ("Rule 217(a)") (emphasis added).  Under Rule 217(a), a court is limited to considering the administrative record in an action seeking initial qualification for tax-exempt status, but is expressly prohibited in an action concerning revocation of an exemption from making a determination "on the basis of the administrative record alone," absent agreement of the parties as to the facts contained in the administrative record.  See id.  This explicit distinction between actions involving initial determinations and those concerning revocations is explained in the note to Rule 217(a), which state:

> The distinction in treatment under this Rule for cases involving a revocation results from the difference in processing of such cases by the Internal Revenue Service, which usually bases its determination of revocation on its own investigation rather than by accepting the facts asserted by the applicant and which go into the administrative record in other cases.

Note, Tax Court Rule 217(a), 68 T.C. 1048 (1977) ("Note, Rule 217(a)").

The distinction set forth in Rule 217(a) is consistent with Tax Court practice.  In a challenge to an initial qualification, the court's review is limited to the administrative record and the plaintiff cannot submit additional evidence for the court's consideration without meeting a stringent "good cause" standard.  <u>Nationalist Movement v. Comm'r of Internal Revenue</u>, 102 T.C. 558, 572–73 (1994); <u>Houston Lawyer Referral Serv., Inc. v. Comm'r of Internal Revenue</u>, 69 T.C. 570, 573–74, 577–78 (1978).  In contrast, in a proceeding regarding the revocation of an exemption, the Tax Court allows a trial on the merits and considers evidence outside of the administrative record.  <u>See, e.g.</u>, <u>Tony and Susan Alamo Found. v. Comm'r of Internal Revenue</u>,

No. 39921-85X, 1992 WL 49774, at *1 (T.C. Mar. 18, 1992) (citing Rule 217(a)); Universal

Church of Jesus Christ, Inc. v. Comm'r of Internal Revenue, No. 5759-82X, 1988 WL 12612, at

n.2 (T.C. Feb. 23, 1988); Va. Educ. Fund v. Comm'r of Internal Revenue, 85 T.C. 743, 748, 753

n.6 (1985); see also 2 Gerald A. Kafka & Rita A. Cavanagh, Litigation of Federal Civil Tax

Controversies ¶ 21.02[8] (2d ed. 1997) (declaratory judgment proceedings involving initial

qualification are generally resolved on the administrative record but "because revocation cases

generally involve unresolved factual disputes, a full trial unlimited by the administrative record

is typical in those cases").  The Court now turns to the application of Rule 217(a) in the instant

case.

**B.  Standard of review**

        The Court agrees with the parties that de novo review is the applicable standard of review

in an action under § 7428 challenging the revocation of an organization's tax exempt status.  Use

of a de novo standard of review in revocation challenges comports with the distinction drawn in

Rule 217(a) between cases involving initial determinations and those involving revocations, in

which a court is not limited to the administrative record unless the parties agree as to the facts in

the case.  See Rule 217(a).  Furthermore, the Court's application of de novo review in this action

is consistent with other courts that have considered the issue.  See Freedom Church of Revelation

v. United States, 588 F. Supp. 693, 695 (D.D.C. 1984); Incorporated Trustees, 510 F. Supp. at

377 n.6; Big Mama Rag, Inc., 494 F. Supp. at 474.  The Court, therefore, declines to adopt the

standard set forth in St. Matthew Publishing, the only case to depart from this position, because

in holding that "[t]he standard of review is deferential," 41 Fed. Cl. at 145, the court relied on

cases involving an initial determination of tax-exempt status.  As described in Rule 217(a), a

court's review of an initial determination is confined to the administrative record and thus is

deferential, whereas the court's review of a revocation is not so limited.  Rule 217(a) and prior

judicial authority having employed the de novo standard, this Court deems it appropriate to adhere to the majority approach, as the parties agree the Court should do.

### C. Scope of review

The parties disagree, however, on whether this Court's review of the revocation decision should be limited to the administrative record. The Foundation argues that under Rule 217(a), it is permitted to present evidence outside of the administrative record because it does not agree that the record "contains all the relevant facts and that such facts are not in dispute." Pl.'s Mem. at 6–7. The Foundation relies on cases from the Court of Claims, the Tax Court, and other judges of this Court permitting consideration of evidence outside of the administrative record in proceedings challenging revocation of tax exempt status, as well as tax litigation treatises espousing the same. Id. at 7–9.

While the United States acknowledges that Rule 217(a) permits supplementation of the administrative record in a revocation challenge, it contends that supplementation is not appropriate under the circumstances of this case. Def.'s Mem. at 2. The United States argues that the purpose of permitting supplementation under Rule 217(a) is to allow the United States to support its revocation with information outside of the administrative record that was gleaned from its investigation prior to a proposed revocation, and therefore, a plaintiff is not permitted to present evidence outside of the administrative record unless the United States intends to do so. Id. at 2–3, 9, 11. A plaintiff is so constrained, the United States argues, because § 7428 requires the exhaustion of administrative remedies, and thus any introduction of supplemental material would violate the exhaustion requirement. Id. at 9–12. The United States also marshals support from case law in this area for its position that review in a revocation challenge is generally confined to the administrative record. Id. at 10 (citing St. Matthew Publ'g, 41 Fed. Cl. at 145; Airlie Found., Inc. v. United States, 826 F. Supp. 537, 547 (D.D.C. 1993)). The United States

notes in its brief, as it reiterated at the hearing on scope of review, that its concern is that the "plaintiff may attempt now to submit materials that it did not provide during the audit or during the appeal on alleged facts nevertheless covered during the audit/appeal (e.g., whether there were additional 'scholarship' recipients solicited by plaintiff during 2005 or 2006)." Id. at 13.

The Court agrees with the Foundation that the plain language of Rule 217(a) contemplates the consideration of evidence that is not contained in the administrative record when the parties do not agree "that such record contains all the relevant facts and that such facts are not in dispute," and that the Rule does not, by its terms, provide for supplementation only at the option of the United States. See Rule 217(a). Furthermore, the Note to Rule 217(a) does not support imposing such a limitation on the supplementation permitted by the Rule. The United States argues that the Note's explanation of the difference in treatment between challenges to initial determinations and those involving revocations, which typically arise from the IRS' investigation in revocation actions, "favors the Internal Revenue Service by allowing it to rely on documents in a revocation action that the Service has obtained based upon its own investigation, that it may not have transmitted to the organization, and which may contradict facts included in the organization's submissions to the Service." Def.'s Mem. at 11. The Court finds this interpretation unpersuasive. The Note explains that, in an initial determination, the IRS accepts the facts stated by the applicant for an exemption as true, whereas in the revocation context, the IRS' decision is based on its own investigation. Note, Rule 217(a). This does not suggest that Rule 217(a) "favors the Internal Revenue Service," as argued by the United States, but rather that the parties may disagree about the relevant facts and whether the investigation uncovered all of the relevant facts. The Note to Rule 213(a), the rule governing the filing of an answer in a declaratory judgment action, confirms this understanding of Rule 217:

> In [revocation] cases, the Service need not rely on the factual assertions of the petition but rather is in a position to make its independent evaluation of the facts, and disputes as to the facts may result in the action before the Court.  A trial, therefore, may be necessary to resolve these factual disputes.

Note, Tax Court Rule 213(a), 68 T.C. 1041, 1043 (1977); see also Note, Tax Court Rule 213(b), 68 T.C. 1043, 1045 (1977) (noting that in revocation actions "there may be unresolved factual disputes" that require "proof at a trial rather than the concession of facts indicated with respect to other cases").  This understanding of the Note to Rule 217(a)'s explanation is also consistent with the Rule's focus on factual disputes between the parties and the lack of any limiting language in the Rule itself.  See Rule 217(a).

The Court's consideration does not end with the language of Rule 217, however.  To bring an action under § 7428, a plaintiff must first exhaust its administrative remedies with the IRS.  26 U.S.C. § 7428(b)(2).  The statute contains no language further defining the exhaustion requirement.  The discussion of § 7428's exhaustion provision in the House and Senate Reports indicate that in order to satisfy this requirement, a plaintiff

> must demonstrate that it has made a request to the Internal Revenue Service for a determination and that the Internal Revenue Service has either failed to act, or has acted adversely to it, and that it has appealed any adverse determination by a district office to the national office of the Internal Revenue Service or has requested or obtained through the district director technical advice of the national office.  To exhaust its administrative remedies, the organization must satisfy all appropriate procedural requirements of the Service.  For example, the Service may decline to make a determination if the organization fails to comply with a reasonable request by the Service to supply the necessary information on which to make a determination.

H.R. Rep. No. 94-658, at 287–88, 3183–84; S. Rep. No. 94-938, at 590, 4014.  The legislative history contains no further discussion of Congress' intent with respect to the exhaustion requirement.

The regulations governing the administrative appeals process for challenging determinations regarding an organization's tax exempt status provide that exhaustion under

§ 7428 will be accomplished when the organization satisfies "all administrative appeals available within the Service."  See 26 C.F.R. § 601.201(n)(7)(iv) (2012).  An organization that has received notice of a proposed revocation of its exemption must appeal the proposed revocation to the IRS Appeals Office by "submit[ting] to the key district director, within 30 days from the date of the letter, a statement of the facts, law, and arguments in support of its continued exemption." Id. § 601.201(n)(6)(ii)(b).  If the district director is not persuaded to change its position, it will forward the appeal request and the case file to the Appeals Office.  Id.  The Appeals Office will then "consider[] the organization's protest and any additional information developed" and issue a determination letter.  Id. § 601.201(n)(6)(ii)(c).  The regulations specifically instruct that "[o]rganizations should make full presentation of the facts, circumstances, and arguments at the initial level of consideration, since submission of additional facts, circumstances, and arguments at the Appeals office may result in suspension of Appeals procedures and referral of the case back to the key district for additional consideration."  Id.

Since the Foundation represented to the Court during the hearing on the applicable scope of review that it does not seek to present new arguments that were not presented during its administrative appeal, the Court need not consider whether the exhaustion requirement in § 7428 precludes consideration of issues that were not raised in the proceeding before the IRS.  This Circuit has not had occasion to consider § 7428's exhaustion requirement, and the few courts that have discussed the requirement have come to conflicting conclusions.  In Animal Protection Institute, the Court of Claims held that the plaintiff could submit evidence outside of the administrative record "[s]ubject to the reasonable restriction as to compliance with the requirement of section 7248(b) that plaintiff has made a bona fide effort to exhaust its administrative remedies."  1978 WL 4201, at *7.  Conversely, in St. Matthew Publishing, the Court of Federal Claims held that its scope of review was limited to the administrative record

"[c]onsistent with principles of exhaustion of administrative remedies," 41 Fed. Cl. at 145, and

therefore confined discovery to materials that were considered by the IRS in its decision, 41 Fed.

Cl. at 147–48; see also Airlie Found., 826 F. Supp. at 548 (holding that the scope of review was

confined to the administrative record because the government did not raise any grounds for

revocation outside of those already discussed in the IRS' correspondence with the organization

without further discussion).

      This Court finds the approach taken in Animal Protection Institute more persuasive, and

therefore holds that the exhaustion requirement in § 7428 does not bar a plaintiff from offering

evidence in support of arguments made below that was not presented to the IRS.  The statutory

language, legislative history, and federal regulations all indicate that a plaintiff must avail itself

of all administrative remedies available to it within the IRS.  Aside from the instruction that an

organization should make "full presentation of the facts, circumstances, and arguments at the

initial level of consideration," 26 C.F.R. § 601.201(n)(6)(ii)(c), the statute, legislative history,

and regulations are devoid of any language indicating that a plaintiff will be barred from offering

additional evidence in a subsequent declaratory judgment proceeding.  In contrast, the subpoena

power granted in § 7428 contemplates that the district court will have the ability to consider new

evidence.  See § 7428(d).

      Moreover, the Tax Court rules referenced with approval in the legislative history of

§ 7428 support this interpretation.  While the rules in place for declaratory judgments involving

retirement plans only address initial qualification of retirement plans, the rules contemplate the

possibility of a trial "with respect to a factual dispute in the administrative record or to resolve

disagreement between the parties as to whether a particular item is a part of such record."  See

Prefatory Note, 64 T.C. 1177, 1178–79 (1975); Tax Court Rule 217(b), 1189, 1189 (1975) (in a

declaratory judgment proceeding, court will determine qualification based on administrative

record "and upon any additional facts as found by the Court if the Court deems that a trial is
necessary"). The emphasis on the possibility of a trial to resolve factual disputes between the
parties in the Tax Court's original rules involving declaratory judgments mirrors the current
language of Rule 217(a) regarding the consideration of additional evidence in revocation
proceedings. See Rule 217(a). The current Rule 217(a) similarly supports the Court's
interpretation of the exhaustion requirement. The provision permitting consideration of evidence
outside of the administrative record would be flatly inconsistent with § 7428 if consideration of
evidence outside of the record would violate the statute's exhaustion requirement. If
supplementation would preclude the declaratory judgment action from proceeding for failure to
exhaust administrative remedies, Rule 217(a)'s provision regarding supplementation in
revocation challenges would be rendered meaningless.

The court's conclusion in St. Matthew Publishing does not warrant a different result.
Although St. Matthew Publishing also concerned a challenge to a revocation of tax exemption,
there the court held that its review was confined to the administrative record, citing Animal
Protection Institute and two cases involving a challenge to an initial determination. St. Matthew
Publ'g, 41 Fed. Cl. at 144–45. The St. Matthew Publishing court cites a passage from Animal
Protection Institute, which states that the House and Senate "committee reports 'contemplated
that the (taxpayer's) case in the declaratory judgment proceedings [in the Court of Claims] be
primarily based upon the evidence presented by the organization to the IRS.'" Id. at 145
(quoting Animal Prot. Inst., 1978 WL 4201, at *3) (alterations in the original). However, the
portions of the House and Senate Reports that are cited as support for this proposition actually
state that "[t]he court is to base its determination upon the reasons provided by the Internal
Revenue Service in its notice to the party making the request for a determination, or based upon
any new argument which the Service may wish to introduce at the time of the trial." H.R. Rep.

No. 94-658, at 285, 3181–82; S. Rep. No. 94-938, at 588, 4012 (emphasis added).  The House and Senate Reports, which reference the <u>reasons</u> cited by the IRS for its determination, therefore do not support the proposition for which they are cited in <u>Animal Protection Institute</u>, which concerns the <u>evidence</u> presented to the IRS.  The <u>St. Matthew Publishing</u> court's reliance on this passage in drawing conclusions concerning the evidence that may be considered in a revocation challenge is therefore misplaced.  Accordingly, this Court declines to follow the reasoning of <u>St. Matthew Publishing</u> regarding the scope of review in a revocation challenge.

Similarly, <u>Airlie Foundation</u> is inapposite.  Although that court held that its review was "confined to the administrative record," the court did so in the context of the United States' argument that it was permitted to rely on reasons for revocation that were not relied upon by the IRS in its previous communications with the organization.  <u>Airlie Found.</u>, 826 F. Supp. at 547–48.  The court concluded that although the United States did not explicitly set forth the grounds that it now sought to rely on in the declaratory judgment proceeding in its previous communications, the grounds at issue had been discussed, if not relied upon, in the correspondence.  <u>Id.</u> at 548.  Therefore, the court confined its review to the administrative record based on its conclusion that the United States did not actually seek to introduce matters that were outside of the record.  <u>Id.</u>  <u>Airlie Foundation</u> does not broadly consider the parties' ability to present new evidence in a revocation challenge or contain a lengthy discussion outside of the particular circumstances at issue in that case.  Therefore, the Court finds that the reasoning of <u>Airlie Foundation</u> is not applicable in the instant case, in which the plaintiff seeks to introduce new evidence, not new arguments, in accordance with Rule 217(a).

The Court's final consideration is whether general principles of administrative law warrant either a limitation on the evidence that can be introduced in this proceeding or that this matter must be remanded to the IRS for its consideration of the additional evidence put forth by

the Foundation.  At the hearing on the scope of review in this case, the United States argued that

if the Foundation is permitted to introduce evidence outside of the administrative record in a

proceeding before this Court, it should be required to show why it did not present the evidence to

the IRS and that the Foundation made a reasonable investigation to find the evidence at the time

of the administrative proceedings.  See also Def.'s Mem. at 3–4 (arguing that the Court should

require the plaintiff to "(1) identify the fact it is attempting to support; (2) to show that plaintiff

asserted that fact during the administrative process; and (3) to explain why the plaintiff did not

submit the proposed supplemental materials during the administrative process" before the

plaintiff may supplement the administrative record).  The Foundation argued at the hearing that

the restrictions proposed by the United States have no support in the language of Rule 217(a) or

in the case law.

      The Court does not find it appropriate to read the general principles of administrative law

into the instant proceeding.  The United States' suggested limitations on the Foundation's ability

to present evidence are inconsistent with Rule 217(a), which does not contemplate any such

restriction of a court's ability to consider additional evidence.  Remand to the IRS to consider the

additional evidence adduced in the declaratory judgment proceeding would be similarly

inconsistent with Rule 217(a), which expressly authorizes this Court to consider evidence outside

of the administrative record to address factual disputes.  To hold that remand is required by

general principles of administrative law despite the governing Tax Court Rule's contemplation

otherwise would render this provision meaningless.  Furthermore, remand to the agency to

address factual disputes is inconsistent with the subpoena power granted to this Court in § 7428,

which contemplates that this Court may consider evidence outside of the administrative record.

      Remanding the case to the IRS for consideration of the additional evidence put forth has

only been discussed in one case.  In Freedom Church of Revelation, a former member of this

Court remanded the case to the IRS to consider the supplemental information that the organization sought to present at the request of the organization.  588 F. Supp. at 695.  The court thus did not consider whether remand was required because the organization sought it voluntarily.  See id.  In contrast, here the Foundation expressly urged the Court at the hearing not to remand the case to the IRS out of concern about fair treatment by the agency and in order to preserve its litigation resources.  Therefore, Freedom Church of Revelation does not have any bearing on the Court's decision in this proceeding.

The Court finds the reasoning in Kappos v. Hyatt, __ U.S. __, 132 S.Ct. 1690 (2012), to be instructive in determining whether general principles of administrative law are applicable to this proceeding even though Hyatt involved a different statute.  In Hyatt, the Supreme Court considered whether the principles of administrative exhaustion limited the introduction of new evidence in an action in federal district court challenging decisions on patent applications by the Patent and Trademark Office.  __ U.S. at __, 132 S.Ct. at 1693–94.  The agency relied on general administrative law principles to argue that a plaintiff is precluded from offering evidence not considered by the agency in an action before the district court because the agency should be afforded the initial opportunity to consider the evidence.  Id. at 1696.  The Court reasoned, however, that application of general principles of administrative law was not appropriate.  Id. at 1697.  The Court first noted that such limitations were not necessary to accomplish the goal of "avoidance of premature interruption of the administrative process" since the agency process was already "complete."  Id. (quoting McKart v. United States, 395 U.S. 185, 193 (1969)).  The Court further stated that the governing statute did not provide for remand to consider new evidence and that "there is no pressing need for such a procedure because a district court, unlike a court of appeals, has the ability and competence to receive new evidence and to act as a

16

factfinder." Id.  Therefore, the Court reasoned, the general principles of administrative law were not applicable in that case to the proceeding before the district court.  Id.

While this Court recognizes the differences between this case and the proceeding in Hyatt, it nevertheless finds that much of the reasoning in Hyatt applies with equal force here. The IRS process concerning the revocation of the Foundation's exemption is complete, as it must be under § 7428, and therefore application of the principles of administrative law will not assist in accomplishing the goal of permitting the agency process to progress to completion.  Moreover, the statute, legislative history, regulations, and Tax Court rules governing revocation proceedings do not address remand or place any limitation on the evidence that may be received by this Court.  To the contrary, Rule 217(a) expressly instructs this Court to consider evidence outside of the administrative record if the parties do not agree on the facts at issue.  Finally, this Court is competent to receive new evidence in the manner contemplated by Rule 217(a).  These considerations, although in a context different than that before the Court in Hyatt, indicate that importation of general administrative law principles in a declaratory judgment proceeding challenging a revocation under § 7428 is unwarranted.

### III. CONCLUSION

In accordance with the reasoning set forth above, the Court holds that the applicable standard of review in this proceeding is de novo and that the scope of the Court's review is not confined to the administrative record.  The parties may therefore submit evidence to this Court that was not considered by the IRS.  In accordance with the Foundation's representation that it does not desire to have the Court consider any argument that was not presented by the Foundation during the administrative process, any evidence that is presented to this Court must be in support of an argument made before the IRS, and the Court will strictly construe this requirement in order to ensure that the exhaustion requirement in § 7428 is not circumvented.

Finally, the parties may conduct discovery as set forth by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.  However, discovery must be strictly tailored to uncover evidence solely in support of the arguments made before the IRS and cannot be duplicative of any information already contained in the administrative record.

**SO ORDERED** this 15th day of November, 2012.[2]

REGGIE B. WALTON
United States District Judge

---

[2] An Order consistent with this Memorandum Opinion will be issued contemporaneously.