UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDUCATIONAL ASSISTANCE )
FOUNDATION FOR THE )
DESCENDANTS OF HUNGARIAN )
IMMIGRANTS IN THE PERFORMING )
ARTS, INC., )
            Plaintiff, )
    v. )  Civil Action No. 11-1573 (RBW)
UNITED STATES OF AMERICA, )
            Defendant. )

**ORDER**

On January 20, 2015, plaintiff Educational Assistance Foundation for the Descendants of Hungarian Immigrants in the Performing Arts, Inc., requested that the Court sanction the defendant, alleging that "an Internal Revenue Service ('IRS') Revenue Agent destroyed portions of the administrative record at a time he knew that litigation was likely to occur." Plaintiff's Motion for Sanctions on the Grounds of Spoliation and for Related Relief ("Pl.'s Mot.") at 1. The basis for the plaintiff's motion is an entry in the Case Chronology Record prepared by the Revenue Agent conducting an audit of the plaintiff's tax-exempt status, which states the following: "[s]ome electronic files could not be opened, so they were deleted. [Revenue Agent] has no way of knowing what was in those files. Such things as the map to the [Exempt Organization], the plane ticket and car rental info was deleted from the electronic case file." Pl.'s Mot., Exhibit ("Ex.") A (Case Chronology Record), at 37. The plaintiff contends that the appropriate remedy for the destruction is the entry of a default judgment against the defendant. Pl.'s Mot. at 1. In the alternative, the plaintiff asks the Court to exclude from consideration the

1

administrative record in this case in its entirety, id., or the imposition of "an adverse inference that the destroyed documents would have been favorable to the [p]laintiff," id. at 2.

A party involved in litigation has "an obligation to preserve and also not to alter documents it knew or reasonably should have known were relevant to the . . . litigation if it knew the destruction or alteration of those documents would prejudice [its opponent]." Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1481 (D.C. Cir. 1995). A party that fails to preserve evidence "runs the risk of being justly accused of spoliation," which constitutes "the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." D'Onofrio v. SFX Sports Grp., Inc., No. 06-cv-687(JDB/JMF), 2010 WL 3324964, at *5 n.5 (D.D.C. Aug. 24, 2010). "The authority to issue sanctions in this context does not stem from the Federal Rules of Civil Procedure, but flows instead from the court's inherent authority to manage its affairs so as to achieve the orderly and expeditious disposition of cases." Clarke v. Wash. Metro. Area Transit Auth., 904 F. Supp. 2d 11, 20 (D.D.C. 2012) (citing Shepherd, 62 F.3d at 1472). "That authority must be exercised with restraint and discretion," and "because the overriding purpose of the inherent power is to achieve the orderly and expeditious disposition of cases, the use of this power should reflect our judicial system's strong presumption in favor of adjudications on the merits." Mahaffey v. Marriott Int'l, Inc., 898 F. Supp. 2d 54, 58 (D.D.C. 2012) (citations and internal quotation marks omitted).

Sanctions for spoliation of evidence "may be divided into two rough categories: (1) punitive or penal sanctions; and (2) issue-related sanctions." Clarke, 904 F. Supp. 2d at 20 (citing Shepherd, 62 F.3d at 1478). The party seeking sanctions bears an evidentiary burden that is calibrated to "ensure that the gravity of an inherent power sanction corresponds to the misconduct." Shepherd, 62 F.3d at 1479. An issue-related sanction, such as the imposition of an

adverse inference, is appropriate where the movant establishes by a preponderance of the evidence that:

> (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defense of the party that sought it.

Mazloum v. D.C. Metro. Police Dep't, 530 F. Supp. 2d 282, 291 (D.D.C. 2008).  A punitive sanction, on the other hand, such as a default judgment, is appropriate where the movant puts forth clear and convincing evidence that:

> (1) the other party has been so prejudiced by the misconduct that it would be unfair to require [the party] to proceed further in the case; (2) the party's misconduct has put an intolerable burden on the court by requiring the court to modify its own docket and operations in order to accommodate the delay; or (3) the court finds it necessary to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.

Clarke, 904 F. Supp. 2d at 21 (citing Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998)).

It is apparent from the record before the Court in this case that the plaintiff has failed to satisfy the evidentiary threshold for even the least severe remedy—an adverse inference—because the deleted documents have no relevance to the plaintiff's claims.  Indeed, any suggestion of impropriety on the part of the government here is quickly dispelled upon review of the declaration submitted by the Revenue Agent accused of spoliation.  As the Revenue Agent who deleted the files explains,

> [t]he explanation for the entry is simple.  Unlike myself, Mr. Hays[—the Revenue Agent formerly responsible for conducting the audit of the plaintiff's tax-exempt status—]had a practice of saving his travel documents electronically.  When I inherited the case, these electronic files existed, but I could not open them and did not know what they contained specifically.  I then called Mr. Hays and learned that the electronic files that I could not open contained his travel records.

> Having been informed by Mr. Hays that these electronic travel files contained nothing of substantive importance, I then deleted those files.

Def.'s Opp'n, Ex. 3 (Declaration of Jeffrey S. Bowne) ¶¶ 11–12. And there is a "presumption of good faith accorded to agency affidavits." Competitive Enter. Inst. v. NASA, 989 F. Supp. 2d 74, 96 (D.D.C. 2013) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).

In its reply, the plaintiff merely speculates about the possibility that "non-travel records were destroyed," questioning why the Revenue Agent's explanation in his declaration was not included in its entirety in the Case Chronology Record. Reply Brief in Support of Plaintiff's Motion for Sanctions [] ("Pl.'s Reply") at 10. The plaintiff also contends that the explanation is somehow inconsistent with the Case Chronology Record, questioning why the Revenue Agent would write that he had "no way of knowing what was in those files," when he did, in fact, confirm with the prior Revenue Agent the contents of those documents. Id. Lastly, the plaintiff wonders how the defendant recently produced these travel documents when the Case Chronology Record reflects that they were deleted from the relevant administrative file. Id. at 10-11. The plaintiff's conjectural questions and speculation, however, are insufficient to satisfy its burden here as the movant for sanctions because it has failed to offer any actual evidence of how the deleted documents may have been relevant to its claims. See Bolger v. District of Columbia, 608 F. Supp. 2d 10, 33 (D.D.C. 2009) ("[A] reasonable trier of fact could not infer that the destroyed recordings would have contained evidence" supporting the plaintiffs' claims. Thus, the "[p]laintiffs' proffer with respect to this evidence is too speculative at this time."); see also Unique Indus., Inc. v. 965207 Alberta Ltd., 764 F. Supp. 2d 191, 201 (D.D.C. 2011) (declining to impose sanctions where "the only explanation offered for how these records would have supported its invalidity defense is the plaintiff's vague speculation"); Competitive Enter. Inst.,

4

989 F. Supp. 2d at 95–96 (in the context of a FOIA dispute, the "[p]laintiff's 'speculative claims' about spoliation are not sufficient to rebut the presumption of good faith accorded to agency affidavits" (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981))).

As the plaintiff has failed to offer any evidence that would rebut the defendant's explanation, or would otherwise demonstrate that information contained in the deleted documents is relevant to its claims, the Court must conclude that sanctions are unwarranted and declines to exercise its discretion to grant such relief.  Instead, the Court yields to the "strong presumption in favor of adjudications on the merits."  Mahaffey, 898 F. Supp. 2d at 58.  Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion to Seal Exhibits A and B to its Motion for Sanctions [] is **DENIED**.[1]  It is further

**ORDERED** that the Plaintiff's Motion for Sanctions on the Grounds of Spoliation and for Related Relief is **DENIED**.

**SO ORDERED** this 1st day of July, 2015.

REGGIE B. WALTON<br>United States District Judge

---

[1] In this motion, the plaintiff asks the Court to seal two exhibits submitted in support of its motion for sanctions. While "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court," United States v. Hubbard, 650 F.2d 293, 316–17 (D.C. Cir. 1980) (citation omitted), there nevertheless is a "strong presumption in favor of public access to judicial proceedings," EEOC v. Nat'l Children's Ctr. Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996).  In this Circuit, "[s]ix factors are generally considered when determining whether a movant has shown sufficiently compelling circumstances to overcome the presumption in favor of public access," Kline v. Williams, No. 05-cv-01102(HHK), 2012 WL 1431377, at *1 (D.D.C. Apr. 25, 2012) (citing Hubbard, 650 F. 2d at 317–20), but the plaintiff has failed to address any of these factors in its motion to seal.  Indeed, the only stated basis for the plaintiff's motion to seal is the defunct suggestion that some of the information contained in these documents is covered by the attorney-client privilege—a suggestion that this Court has previously rejected outright in its March 27, 2014 Memorandum Opinion and Order.  See Educ. Assistance Found. for the Descendants of Hungarian Immigrants in the Performing Arts, Inc. v. United States, 32 F. Supp. 3d 35, 48 (D.D.C. 2014) ("any attorney-client privilege that would otherwise protect the Weinberger-Bolden Letter has been waived through the document's inadvertent disclosure and the failure of the alleged privilege holders to take appropriate steps to promptly assert the privilege and aggressively seek to recover the letter").  Therefore, the plaintiff offers no basis for the Court to conclude that it would be appropriate for these documents to remain under seal.